UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.                                            Case No. 12-cr-150 (JNE)(1)
                                                ORDER

Michael Dennis Stanke,

        Defendant.

On January 14, 2013, the Court sentenced Defendant Michael Dennis Stanke to 180 months' imprisonment, the mandatory minimum sentence for defendants with three prior convictions for a violent felony or serious drug offense under the Armed Career Criminal Act (ACCA). 18 U.S.C. § 924(e). Stanke now moves to vacate his sentence under 28 U.S.C. § 2255 in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held unconstitutional the "residual clause" of the ACCA's definition of "violent felony," 18 U.S.C. § 924(e)(2)(B)(ii). 135 S. Ct. at 2563. *Johnson*, though, did not "call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* At the time of his sentencing, Stanke had two separate 1989 convictions for third degree burglary and a 2000 conviction for first degree assault and first degree aggravated robbery. These convictions meet the ACCA's definition of violent felony without reliance on the residual clause. *See U.S. v. Sonczalla*, 561 F.3d 842, 846 (8th Cir. 2009) (holding that a third degree burglary conviction qualified as a violent felony); *U.S. v. Rucker*, 545 F. App'x 567, 573 (8th Cir. 2013) (holding that an aggravated robbery conviction qualified as a violent felony). Accordingly, Stanke remains an armed career criminal post-*Johnson*, and his motion fails.

2

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R.App. P. 22(b)(1). A court cannot issue a certificate of appealability unless the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Here, Stanke has not demonstrated that reasonable jurists would find the rejection of his claim debatable or wrong. Thus, the Court declines to issue a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's § 2255 motion [Docket No. 45] is DENIED.

2. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  August 11, 2016

s/Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge